# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brian Metzler,

     Plaintiff,

v.

Department of Agriculture; Rural
Development; Cynthia Morales;
Jonathan Sanford; Dawn Winter;
Charles Phillips; Michael Monson;
and Dana Rauschnot,

     Defendants.

Case No. 22-cv-735 (NEB/DTS)

**REPORT AND RECOMMENDATION**

Plaintiff Brian Metzler filed a Complaint [Dkt. No. 1] alleging a decision by a United States Department of Agriculture administrative law judge (ALJ) obligates Defendant Rural Development to approve his Section 502 loan application and asks this Court to enforce the ALJ decision. This claim is identical to another lawsuit Metzler filed approximately two months earlier against the same defendants, about the same events, and seeking the same relief. *Metzler v. Dept. of Agriculture et al.*, 22-cv-0263 (D. Minn.).

This Court ordered Metzler to show cause why this lawsuit should not be dismissed without prejudice as duplicative. Order, Dkt. No. 4. Metzler responded in a letter to the Court stating that since he filed his first lawsuit, he has learned his construction loan term is expiring and if he does not get the underlying ALJ decision enforced, foreclosure proceedings will begin. Letter, Dkt. No. 6. Metzler states he "would like to have quick action taken and possibly dismiss [the first lawsuit] if we can get this resolved in a timely fashion." *Id.*

The Court "may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992). Duplicative litigation may occur when "the parties, issues, and available relief do not significantly differ between two actions." *Olson v. Counts*, No. 12-cv-0218, 2012 WL 1394270, at *2 (D. Minn. Feb. 17, 2012).

Here, the parties and issues do not differ from his first lawsuit. Metzler's letter clarifies that he is seeking the same relief—enforcement of the ALJ decision—as that of his first lawsuit. He asserts new information he has received makes prompt enforcement important, but Metzler will have an opportunity to present that new information in his first lawsuit soon because the Court is scheduled to hear that case's pending Emergency Motion for Enforcement [No. 22-cv-0263, Dkt. No. 9] on April 25, 2022. The Court finds no good reason this matter should go forward alongside the substantively identical litigation Metzler has already brought. Accordingly, the Court recommends this matter be dismissed without prejudice and Metzler's application to proceed *in forma pauperis* be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS that:

1.      This matter be **DISMISSED WITHOUT PREJUDICE**.

2.      The application to proceed *in forma pauperis* [Dkt. No. 2] be **DENIED AS MOOT**.

Dated: April 21, 2022                          ___s/David T. Schultz_____
                                               DAVID T. SCHULTZ
                                               U.S. Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).